UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OPPENHEIMER & CO. INC.,<br>Plaintiff,<br>v.<br>LOCAL BOUNTI CORPORATION,<br>Defendant. | **ANSWER**<br>Case No. 1:25-cv-08539-KPF |

Defendant Local Bounti Corporation ("Defendant" or "Local Bounti"), by and through its undersigned counsel, hereby provides the following Answer and asserts the below Affirmative Defenses to the Complaint filed by Plaintiff Oppenheimer & Co. Inc. ("Plaintiff" or "Oppenheimer") on October 15, 2025 (the "Complaint"). ECF No. 1.[1]

## SPECIFIC RESPONSES

1. The allegations contained in Paragraph 1 are legal conclusions and/or purport to characterize this litigation and do not require a response. To the extent a response is required, Local Bounti denies the allegations, except admits that on June 29, 2023, the parties executed an agreement for certain services to be provided by Oppenheimer (the "Agreement"), the terms of which are contained in that document, which speaks for itself. To the extent the allegations contained in Paragraph 1 purport to characterize or draw conclusions from the Agreement, Local Bounti respectfully refers the Court to that document for its complete and accurate contents and denies any quotations or characterizations inconsistent with it.

[1] Plaintiff refiled the Complaint with the relevant exhibits on November 26, 2025. ECF No. 26.

2. Local Bounti lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and denies these allegations on that basis.

3. Local Bounti admits that it is a corporation organized under the laws of Delaware with its principal place of business at 490 Foley Lane, Hamilton, Montana 59840.

4. The allegations contained in Paragraph 4 are legal conclusions and/or purport to characterize this litigation and do not require a response. To the extent a response is required, Local Bounti denies the allegations, except admits that it is a corporation organized under the laws of Delaware with its principal place of business in Montana.

5. The allegations contained in Paragraph 5 are legal conclusions and/or purport to characterize this litigation and do not require a response. To the extent the allegations contained in Paragraph 5 purport to characterize or draw conclusions from the Agreement, Local Bounti respectfully refers the Court to that document for its complete and accurate contents and denies any quotations or characterizations inconsistent with it.

6. The allegations contained in Paragraph 6 are legal conclusions and/or purport to characterize this litigation and do not require a response. To the extent a response is required, Local Bounti denies the allegations contained in Paragraph 6.

7. The allegations contained in Paragraph 7 are legal conclusions and/or purport to characterize this litigation and do not require a response. To the extent the allegations contained in Paragraph 7 purport to characterize or draw conclusions from the Agreement, Local Bounti respectfully refers the Court to that document for its complete and accurate contents and denies any quotations or characterizations inconsistent with it.

8. Local Bounti lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and denies these allegations on that basis.

9. Local Bounti admits that it is a controlled environment agriculture company that is engaged in the business of producing sustainably grown produce.

10. Local Bounti admits that in June 2023, Local Bounti and Oppenheimer corresponded about the provision of investment banking services in connection with a proposed private placement of Local Bounti's securities. Local Bounti otherwise denies the allegations contained in Paragraph 10.

11. Local Bounti denies the allegations contained in Paragraph 11, except admits that the parties entered into the Agreement on June 29, 2023 and that Local Bounti's Chief Financial Officer Kathleen Valiasek signed the Agreement on Local Bounti's behalf. To the extent the allegations contained in Paragraph 11 purport to characterize, draw conclusions from, or append the Agreement, Local Bounti respectfully refers the Court to that document for its complete and accurate contents and denies any quotations or characterizations inconsistent with it.

12. The allegations contained in Paragraph 12 purport to quote from or characterize the Agreement, which speaks for itself. Local Bounti respectfully refers the Court to that document for its complete and accurate contents and denies any quotations or characterizations inconsistent with it.

13. The allegations contained in Paragraph 13 purport to quote from or characterize the Agreement, which speaks for itself. Local Bounti respectfully refers the Court to that document for its complete and accurate contents and denies any quotations or characterizations inconsistent with it.

14. The allegations contained in Paragraph 14 purport to quote from or characterize the Agreement, which speaks for itself. Local Bounti respectfully refers the Court to that document

for its complete and accurate contents and denies any quotations or characterizations inconsistent with it.

15. The allegations contained in Paragraph 15 purport to quote from or characterize the Agreement, which speaks for itself. Local Bounti respectfully refers the Court to that document for its complete and accurate contents and denies any quotations or characterizations inconsistent with it. Local Bounti otherwise denies the allegations contained in Paragraph 15.

16. The allegations contained in Paragraph 16 purport to quote from or characterize the Agreement, which speaks for itself. Local Bounti respectfully refers the Court to that document for its complete and accurate contents and denies any quotations or characterizations inconsistent with it. Local Bounti otherwise denies the allegations contained in Paragraph 16.

17. Local Bounti denies the allegations contained in Paragraph 17.

18. Local Bounti denies the allegations contained in Paragraph 18, except admits that on March 31, 2025, Local Bounti issued a press release announcing new financing and a restructuring of its existing credit facility. To the extent the allegations contained in Paragraph 18 purport to quote from or characterize this press release, Local Bounti respectfully refers the Court to that document for its complete and accurate contents and denies any quotations or characterizations inconsistent with it.

19. The allegations contained in Paragraph 19 are legal conclusions and do not require a response. To the extent the allegations contained in Paragraph 19 purport to characterize or draw conclusions from the Agreement, Local Bounti respectfully refers the Court to that document for its complete and accurate contents and denies any quotations or characterizations inconsistent with it. Local Bounti otherwise denies the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 are legal conclusions and do not require a response. To the extent the allegations contained in Paragraph 20 purport to characterize or draw conclusions from the Agreement, Local Bounti respectfully refers the Court to that document for its complete and accurate contents and denies any quotations or characterizations inconsistent with it. Local Bounti otherwise denies the allegations contained in Paragraph 20.

21. Local Bounti denies the allegations contained in Paragraph 21, except admits that Local Bounti made no payment to Oppenheimer under the Agreement.

22. Local Bounti denies the allegations contained in Paragraph 22, except admits that on or about September 22, 2025, Oppenheimer sent a letter to Local Bounti regarding its purported performance under the Agreement. To the extent the allegations contained in Paragraph 22 purport to characterize this letter, Local Bounti respectfully refers the Court to that document for its complete and accurate contents and denies any quotations or characterizations inconsistent with it.

23. Local Bounti denies the allegations contained in Paragraph 23, except admits that Local Bounti made no payment to Oppenheimer under the Agreement.

24. The allegations contained in Paragraph 24 are legal conclusions and do not require a response. To the extent a response is required, Local Bounti denies the allegations contained in Paragraph 24, except admits that Local Bounti made no payment to Oppenheimer under the Agreement. Further, to the extent the allegations contained in Paragraph 24 purport to characterize or draw conclusions from the Agreement, Local Bounti respectfully refers the Court to that document for its complete and accurate contents and denies any quotations or characterizations inconsistent with it.

25. Local Bounti repeats and incorporates by reference its answers to each of the allegations above as if fully set forth herein.

26. Local Bounti denies the allegations contained in Paragraph 26, except admits that the parties executed the Agreement. To the extent the allegations contained in Paragraph 26 purport to characterize or draw conclusions from the Agreement, Local Bounti respectfully refers the Court to that document for its complete and accurate contents and denies any quotations or characterizations inconsistent with it.

27. The allegations contained in Paragraph 27 are legal conclusions and do not require a response. To the extent a response is required, Local Bounti denies the allegations contained in Paragraph 27.

28. Local Bounti denies the allegations contained in Paragraph 28.

29. Local Bounti denies the allegations contained in Paragraph 29.

30. Local Bounti lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and denies these allegations on that basis.

31. Local Bounti repeats and incorporates by reference its answers to each of the allegations above as if fully set forth herein.

32. Local Bounti denies the allegations contained in Paragraph 32.

33. Local Bounti denies the allegations contained in Paragraph 33.

34. Local Bounti lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and denies these allegations on that basis.

35. Local Bounti denies the allegations contained in Paragraph 35.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Local Bounti, without waiver, limitation, or prejudice, and without conceding that it bears the burden of proof or production, hereby asserts the following defenses:

**FIRST DEFENSE**

Plaintiff's claims are barred in whole or in part because the Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred in whole or in part by the failure of one or more conditions precedent to Local Bounti's alleged obligation under the Agreement.

**THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff materially breached the Agreement and thereby excused Local Bounti from further performance.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part by estoppel, waiver, unclean hands, and/or other equitable doctrines.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part because the Agreement and/or the provisions on which Plaintiff relies are indefinite and/or ambiguous and therefore unenforceable, in whole or in part.

**SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part because the Agreement and/or the provisions on which Plaintiff relies are unconscionable and therefore unenforceable, in whole or in part.

**SEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff alleges damages that are speculative, uncertain, and calculated contrary to the terms of the Agreement.

**EIGHTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Local Bounti's alleged actions.

**NINTH DEFENSE**

Plaintiff's request for attorneys' fees and costs in this matter is barred because it lacks any basis in law or contract.

**ADDITIONAL DEFENSES**

Local Bounti presently has insufficient knowledge or information to determine whether it may have additional, as yet unstated defenses. Local Bounti has not knowingly and intentionally waived any applicable defenses and reserves the right to assert additional defenses as they become known to it through discovery in this matter. Local Bounti reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiff's Complaint, through discovery, or through further legal analysis of Plaintiff's position in this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Local Bounti respectfully requests that the Court enter judgment:

A. in Defendant's favor and against Plaintiff;

B. dismissing Plaintiff's claims against Defendant in their entirety and with prejudice;

C. awarding Defendant its reasonable costs and expenses, including reasonable attorneys' fees, incurred in defending this action; and

D. granting Defendant such other and further relief as the Court deems just and proper.

Dated: December 8, 2025
New York, New York

Respectfully Submitted,

GIBSON DUNN & CRUTCHER LLP

By: *Is/ Jordan Estes*

Jordan Estes
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
jestes@gibsondunn.com

Michael D. Celio (*pro hac vice*)
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: (650) 849-5300
mcelio@gibsondunn.com

*Counsel for Defendant Local Bounti Corporation*