UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

|  |  |  |
|---|---|---|
| OPPENHEIMER & CO. INC., | : | |
| Plaintiff, | : | No. 1:25-cv-08539-KPF |
| v. | : | |
| LOCAL BOUNTI CORPORATION, | : | |
| Defendant. | : | |

---------------------------------------------------------x

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged in connection with the pre-trial phase of this action:

1.      Counsel for any party or non-party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client.  This includes but is not limited to competitive business information, trade secrets, and proprietary information ("Confidential Information").

2.      Confidential Information contained in documents or any tangible form will be so designated by affixing the words "CONFIDENTIAL."  Confidential Information contained in depositions or other pretrial testimony will be so designated by (a) a statement on the record, by counsel, before the conclusion of the deposition or testimony; or (b) written notice served on all

1

parties of record no later than thirty (30) days after the final transcript is delivered to any party or the witness. Until the expiration of the 30-day period following delivery of the final transcript, the entire transcript will be treated as Confidential, unless designated otherwise at the time of the deposition or testimony.

3.      Unless ordered by the Court, or otherwise provided for herein, any Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action and any appeals thereto, and not for use in any other proceeding. However, nothing contained in this Order will affect or restrict the rights of any party or non-party with respect to its own Confidential Information.

4.      In the event a party challenges a designation of confidentiality, counsel shall make a good faith effort to resolve the dispute. In the absence of a resolution, the challenging party may seek resolution by the Court.

5.      Nothing in this Order shall constitute an admission by either party that Confidential Information disclosed in this action is relevant or admissible. Each party reserves the right to object to the use or admissibility of disclosed Confidential Information.

6.      Confidential Information shall not be disclosed to any person, except:

     a.      The requesting party and counsel, including in-house counsel;

     b.      Employees of such counsel assigned to and necessary to assist in the litigation;

     c.      Any witness who is called to testify at trial or in a deposition in this action, or whom counsel for a party believes, in good faith, may be called to testify at trial or in a deposition in this action, provided that each such person has

first executed an acknowledgment of this Order in the form annexed as Exhibit A hereto;

d.    Consultants, experts, or professional vendors assisting in the prosecution or defense of the matter, to the extent deemed advisable by counsel, provided that each such person has first executed an acknowledgment of this Order in the form annexed as Exhibit A hereto; and

e.    The Court (including the mediator, or any other person having access to any Confidential Information by virtue of his or her position with the Court).

7.    The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the producing party or non-party's right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Order.

8.    Each person who has access to Confidential Information will take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

9.    Any PII (*e.g.*, social security numbers, bank account information, and personal health information) exchanged in discovery shall be maintained by the receiving party or non-party in a manner that is confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party or non-party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party or non-party's failure to appropriately protect PII from unauthorized disclosure.

10.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or

information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.    Notwithstanding the designation of information as confidential in discovery, there is no presumption that such information shall be filed with the Court under seal.  For requests to file information under seal, the parties shall follow Rule 9 of the Court's Individual Practices, as well as Section 6 of the Southern District of New York ECF Rules & Instructions.  If a party intends to file material designated as confidential by another party or non-party, the filing party shall provide notice to the designating party or non-party as soon as reasonably possible and at least 3 days prior to the filing, so that the designating party or non-party may determine whether to seek sealing or other appropriate relief from the Court.

12.    At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or non-party or, upon permission of the producing party or non-party, destroyed, except that counsel shall be permitted to retain their working files on the condition that those files will remain subject to the protections of this Order.  This Order will survive the termination of the litigation and continue to be binding upon all persons subject to this Order to whom Confidential Information is disclosed.

13.    Nothing herein shall preclude the disclosure of Confidential Information if otherwise required by law or pursuant to a valid subpoena.

5

14.     This confidentiality agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

SO STIPULATED AND AGREED.


Dated:  April 16, 2026
        New York, New York


DUANE MORRIS LLP

By:  */s/* Walter A. Saurack
Walter A. Saurack
Michael H. Gibson
Nelson Stewart
230 Park Avenue, Suite 1130
New York, New York 10169
Telephone: (212) 818-9200
wasaurack@duanemorris.com
mhgibson@duanemorris.com
nmstewart@duanemorris.com

*Counsel for Plaintiff Oppenheimer & Co.*
*Inc.*

GIBSON, DUNN & CRUTCHER LLP

By:  */s/* Jordan Estes
Jordan Estes
Sasha Kawakami
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
jestes@gibsondunn.com
skawakami@gibsondunn.com

Michael D. Celio (*pro hac vice*)
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: (650) 849-5300
mcelio@gibsondunn.com

*Counsel for Defendant Local Bounti*
*Corporation*


Dated:        April 17, 2026
              New York, New York

SO ORDERED.

_____
KATHERINE POLK FAILLA
United States District Court Judge


6

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                              :

OPPENHEIMER & CO. INC.,          :

         Plaintiff,          :        No. 1:25-cv-08539-KPF

      v.                 :

LOCAL BOUNTI CORPORATION,   :

         Defendant.      :

                              :

                              :
-----------------------------------------------------------x

**NON-DISCLOSURE AGREEMENT**

       I have been informed by counsel that certain documents or information to be disclosed to me in connection with matter entitled *Oppenheimer & Co. Inc. v. Local Bounti Corporation* have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

       I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than the above-captioned action.

Dated: _____, 20___

_____        _____
Name (printed)                            Signature

Signed in the presence of:

_____
(Attorney)

7